20–cv-1995

# United States District Court

*for the*

## EASTERN DISTRICT OF NEW YORK

**DAVID ADHAMI,** individually, and on behalf of all those so unfortunate as to have been arrested and brought before a Nassau County Criminal Court, and all similarly situated attorneys required to agree to the Terms and Conditions of a software vendor not directly under the supervision and control of Nassau County or endorsed by the Office of Court Administration and without assurance of privacy before obtaining discovery materials to which they are entitled according to the decision of the Supreme Court of the United States in *Brady* v. *Maryland*, 373 U.S. 83 (1963),

*Plaintiff*

–**v**–

**COUNTY OF NASSAU;**
**MADELINE SINGAS** as **NASSAU COUNTY DISTRICT ATTORNEY;**
**JOURNAL TECHNOLOGIES, INC.,** a wholly owned subsidary of **DAILY JOURNAL CORPORATION** and **DAILY JOURNAL CORPORATION**

*Defendants*

## VERIFIED CLASS ACTION COMPLAINT

### THE LAW OFFICE OF CORY H. MORRIS
*Attorney for the Plaintiff*
VICTOR JOHN YANNACONE, JR., *of counsel*

i

# TABLE OF CONTENTS

Jury Trial Demand ................................................................................4

Jurisdiction ..........................................................................................4

Venue ...................................................................................................5

Defendants' actions leading to filing this class action complaint ...........5

The Representative Plaintiff David Adhami ...........................................7

Defense Attorneys are required to agree to the unknown terms and
    conditions of a third party software vendor: *JustWare* .....................8

Class action allegations .......................................................................16

    Numerosity under Rule 23(a)(1) ....................................................18

    Common questions of law under Rules  23(a)(2) and 23(b)(3) .........18

    Typicality under Rule 23(a)(3) .......................................................18

    Adequacy under Rule 23(a)(4) .......................................................19

    Superiority under 23(b)(3) .............................................................19

    Alternative certification under Rule 23(b) or 23(c) .........................19

This is an action in equity ...................................................................17

Defendant County of Nassau ..............................................................20

Defendant Madeline Singas as Nassau County District Attorney ........21

    L. Duffy, B.S, Attorney's Assistant I ...............................................21

Defendant civilian contractors ............................................................24

    Defendant Daily Journal Corporation .............................................24

    Defendant Journal Technologies, Inc. .............................................26

    Risks Associated with Journal Technologies ...................................30

JustWare .............................................................................................31

ii

Journal Technologies & JustWare ...................................................... 31

JustWare Court ................................................................................ 33

JustWare Prosecutor ....................................................................... 33

JustWare Probation ......................................................................... 34

JustWare MuniCourt ...................................................................... 34

JustWare Defender .......................................................................... 34

JustWare Pretrial ............................................................................ 35

JusticeWeb ...................................................................................... 35

Benefits ........................................................................................... 35

Security ........................................................................................... 36

Versatility ....................................................................................... 36

Installation Types ........................................................................... 37

JustWare Mobile ............................................................................. 37

Nassau Criminal courts practice ........................................................ 38

The Plaintiff' Claims ......................................................................... 43

Actionable events ........................................................................ 43

The Constitutional issues .................................................................. 43

*Brady* v. *Maryland* ............................................................................ 43

The Sixth Amendment: "right to counsel" ......................................... 44

The Fifth Amendment: "due process" ................................................ 45

The Fourth Amendment: Right to Counsel ........................................ 46

The Fourth Amendment: Informed Consent ...................................... 46

The Fifth and Fourteenth Amendment ............................................... 48

Declaratory claims ............................................................................ 50

Damages ............................................................................................ 51

iii

Prayer for Relief .................................................................. 53

    Declarations of fact and law.............................................. 54

    The equitable remedy of mandamus.................................. 55

    The equitable remedy of prohibition................................. 55

## VERIFIED CLASS ACTION COMPLAINT

**DAVID ADHAMI, ESQ.** brings this action by his attorneys, the **Law Offices of Cory H. Morris, Cory H. Morris, P.C.** and Victor John Yannacone jr, *of counsel*, individually and on behalf of all attorneys representing those so unfortunate as to have been arrested and brought before a Nassau County Criminal Court, witnesses thereto and complainants in such actions, required to agree to the Terms and Conditions of a software vendor not directly under the supervision and control of Nassau County and without assurance of privacy and/or compliance with state or federal law protecting sensitive information and personal health information, before obtaining discovery materials to which they are entitled by statute  and according to the decision of the Supreme Court of the United States in *Brady* v. *Maryland*, 373 U.S. 83 (1963) and its progeny and alleges the following as and for the verified complaint in this action.

### JURY TRIAL DEMAND

The members of the Plaintiff Class hereby demand a trial by jury on all issues so triable.

### JURISDICTION

1. Court has subject matter jurisdiction over all claims in this action pursuant to the *Class Action Fairness Act*, 28 U.S.C. § 1332(d)(2), because Plaintiff bring class claims on behalf of citizens of states different than Defendants' states of citizenship, the complaint seeks injunctive relief and/or an amount in controversy exceeds $5 million, and the proposed class is in excess of 100 members.

2. This Court also has subject matter jurisdiction over the federal claim in this action pursuant to 28 U.S.C. § 1331.

3.    Representative Plaintiff claims violations of the *Health Insurance Portability and Accountability Act of 1996* (HIPAA), *Civil Practice Law and Rules* (CPLR) § 2103, *New York State Unified Court System Rules of Professional Conduct* (RPC), *Model Rules of Professional Conduct*, as well as violations of their New York State Constitutional and Federal Constitutional Rights.

## VENUE

4.    Venue is proper in the United States District Court for the Eastern District of New York at Central Islip under 28 U.S.C. § 1391 because the policies complained of herein and alleged more fully and at large in this complaint all occurred within or about facilities in the County of Nassau, New York within the jurisdiction of this Court.

## DEFENDANTS' ACTIONS

5.    Representative Plaintiff David Adhami is the attorney of record for Barba Nicolette, Indictment No. 02112N-2019, on which a true bill was returned on December 31, 2019.

6.    On or about January 16, 2020, Representative Plaintiff David Adhami did arraign Barba Nicolette on Indictment No. 02112N-2019 before the Honorable William J. O'Brien who remanded Ms. Barba Nicolette on bail in the amount of $2,000,000 Bond, or $750,000 cash.

7.    Representative Plaintiff David Adhami was not provided any statutory discovery when he arraigned Barba Nicolette on Indictment No. 02112N-2019 other than access to material from the Nassau County District Attorney's Electronic Portal hosted on third-party software and accessible only by means of proprietary software owned by Defendants Journal Technologies, Inc., a wholly owned

subsidiary of Daily Journal Corporation and Daily Journal Corporation hereinafter referred to as the "JustWare Defendants."

8.  Representative Plaintiff David Adhami was ordered to participate in hearings on behalf of Barba Nicolette, without unrestricted access to statutory and constitutional discovery material.

9.  Without the aid of discovery that was not otherwise conditioned on accessing the Nassau County District Attorney's Electronic Portal hosted on third-party software and accessible only by means of proprietary software owned by the JustWare Defendants, and accepting unknown Terms and Conditions regarding use of such software imposed by the JustWare Defendants hosted on third-party software, Representative Plaintiff David Adhami is scheduled to appear on behalf of Barba Nicolette before the Honorable William J. O'Brien on May 13, 2020.

10. Defendant Nassau County District Attorney conditioned the production of discovery upon David Adhami's participation in an Electronic Portal hosted on third-party software and accessible only by means of proprietary software owned by the JustWare Defendants as a condition precedent in order to obtain statutory and constitutional discovery on behalf of Barba Nicolette with respect to Indictment No. 01933N-2019.

11. Since October 25, 2019, Representative Plaintiff David Adhami represented Carlos Vega, Docket No. CR-022301-19NA before the Honorable David Goodsell.

12. Representative Plaintiff David Adhami was not provided any statutory discovery when he arraigned Carlos Vega, Docket No. CR-022301-19NA before the Honorable David Goodsell.

13. Discovery material on Carlos Vega, Docket No. CR-022301-19NA could be obtained from the Nassau County District Attorney from its Electronic Portal hosted on third-party software and accessible only by means of proprietary software owned by the JustWare Defendants.

14. Without the aid of discovery that was not otherwise conditioned on accessing the Nassau County District Attorney's Electronic Portal hosted on third-party software and accessible only by means of proprietary software owned by the JustWare Defendants, and accepting unknown Terms and Conditions regarding use of such software imposed by the JustWare Defendants hosted on third-party software, Representative Plaintiff David Adhami is scheduled to appear on behalf of Carlos Vega, Docket No. CR-022301-19NA, on May 15, 2020 before the Honorable David Goodsell.

### THE REPRESENTATIVE PLAINTIFF DAVID ADHAMI

15. Representative Plaintiff David Adhami is an attorney duly licensed to practice law in the state of New York, maintaining an office for such practice at 97 Ash Drive, Great Neck, in the County of Nassau, New York.

16. Representative Plaintiff David Adhami is a graduate of Stony Brook University and Touro College Jacob D. Fuchsberg Law Center.

17. Representative Plaintiff David Adhami is a member of New York State Bar and the Federal Bar.

18. Representative Plaintiff David Adhami concentrates the large part of his practice defending low to moderate income individuals accused of crimes from initial appearance through trial by jury.

19.     Prior to being the principal attorney for the Law Office of David A. Adhami, Representative Plaintiff David Adhami served as a law clerk to Hon. Schlomo S. Hagler, J.S.C.

20.     Representative Plaintiff David Adhami also ran, unsuccessfully, for Nassau County Legislator in the 10th District campaigning to bring financial responsibility and accountability to the Nassau County Legislature. See David A. Adhami, Newsday, https://projects.newsday.com/voters-guide/profile/david-a-adhami.

21.     Representative Plaintiff David Adhami continues to advocate for fairness and accountability for those impacted by the policies of the County of Nassau, including the Nassau County District Attorney's Office.

### DEFENSE ATTORNEYS ARE REQUIRED TO AGREE TO THE UNKNOWN TERMS AND CONDITIONS OF A THIRD PARTY SOFTWARE VENDOR: *JUSTWARE*

22.     Representative Plaintiff and all attorneys who represent individuals accused of crimes throughout New York State are entitled to the discovery of records and information pertaining to their client's cases.

23.     New York Criminal Procedure Law, §245, provides for wide ranging discovery without the necessity to make a written discovery demand.

24.     Such discovery includes

    a. CPL § 245.20(1)(a), All Statements of Defendants and Co-Defendants;

    b. CPL § 245.20(1)(b), All Grand Jury Transcripts;

    c. CPL § 245.20(1)(c), Records containing and/or Names and Adequate Contact Information of all persons with

knowledge of the subject matter concerning the above indictment and accusations relating to the same;

d. CPL § 245.20(1)(d), Records containing and/or Names and Work affiliation under this provision of law;

e. CPL § 245.20(1)(e), All relevant statements or records of any statements made or concerning the accused;

f. CPL § 245.20(1)(f), Records containing and/or All Expert Opinion evidence inclusive of the examination of alleged controlled substances;

g. CPL § 245.20(1)(g), Records of All Electronic Recordings inclusive of tapes, 911 records, anonymous phone calls, tips, recordings made or provided to law enforcement, surreptitious recordings, wiretaps, pen recordings, Global Position Recordings, and all other recordings irrespective of by whom made and for what purpose made and irrespective of the type of electronic recording (i.e. register, tap, internet protocol or other electronic recording not limited by voice);

h. CPL § 245.20(1)(h), All photographs/drawings relevant to the above indictment, prosecution of the accused, defendant and/or codefendant;

i. CPL § 245.20(1)(i), All photographs/drawings made at the direction of law enforcement concerning or relevant to the above indictment, prosecution of the accused, defendant and/or codefendant;

j. CPL § 245.20(1)(j), All Forensic/Scientific Tests/Physical/Mental Examination Tests, calculations and any other scientific or forensic evidence held by any law enforcement officer, agent or third party for which law enforcement relies, contracts or contacts in regard to the prosecution of the accused or others;

k.  CPL § 245.20(1)(k), records of all evidence, see *Brady v. Maryland*, see *infra*, that is exculpatory information and evidence;

l.  CPL § 245.20(1)(l), records of all cooperation agreements, discussions, proffers, "promises, awards and inducements" or any contact for which a third party inculpated the accused irrespective of whether a verbal or written agreement was made;

m. CPL § 245.20(1)(m), inspection of all tangible objects obtained or alleged to have been in possession of the Defendant at the prosecution's earliest convenience inclusive of the chain of custody, a list of all persons responsible for the transfer, manipulation and/or control of such tangible objects and all scientific testing done upon such tangible evidence inclusive of the dates, times, laboratory locations, names of tests performed, dates of tests conducted, persons by whom such tests were conducted, all notes, electronic or otherwise, pertaining to such testing and all other evidence discoverable under this statute;

n.  CPL § 245.20(1)(n), All search warrant documents, affidavits, phone calls, evidence in support and application transcript of such search warrant;

o.  CPL § 245.20(1)(o), All property that relates to the subject matter of the case;

p.  CPL § 245.20(1)(p), the NYSID documenting all prior contacts with law enforcement of all Defendants and Potential Witnesses related to the above indictment;

q.  CPL § 245.20(1)(q), All pending criminal action of a potential witness (as per (CPL § 245.20(1))(c)) and All criminal actions that were resolved within the past three years inclusive of unindicted crimes, central complaints

and other documentation where such potential witness was the subject of a criminal complaint, formal or informal;

r. CPL § 245.20(1)(r), the date, time and place of offenses and all other discoverable information pursuant to this statue or records relevant to the above indictment, prosecution of the accused, defendant and/or codefendant containing such information;

s. CPL § 245.20(1)(s), Vehicle and Traffic Law ("VTL") records of calibration, certification, inspection, repair, etc., pertaining to stop, seizure and/or arrest of the accused;

t. CPL § 245.20(1)(t), the time place and manner of Unauthorized Use of a Computer Charge; and

u. CPL § 245.20(1)(u), the preservation and production of all Electronically Created or Stored Information Seized or Obtained ("ESI");

25.   All of such information required to be produced under New York Criminal Procedure Law, §245 must be made available to the accused prior to convening a grand jury.

26.   All of such information required to be produced under New York Criminal Procedure Law, §245 must be made available to the accused prior to a prosecutor certifying "readiness" for trial.

27.   All of such information required to be produced under New York Criminal Procedure Law, §245 must be made available to the accused prior to accepting a guilty plea.

28.   All of such information required to be produced under New York Criminal Procedure Law, §245 must be made available to the accused prior to a trial.

29.     Defendant Nassau County District Attorney's Office has conditioned the production of discovery materials to the accused as required by New York Criminal Procedure Law, §245 upon Defendant and his or her counsel accepting the Terms and Conditions  of a third party application program, JustWare.

30.     Defendant Nassau County District Attorney's Office will not provide accused Defendants, members of the Plaintiff class, access to statutory and constitutional discovery materials unless the Defendant and his or her counsel accept the Terms and Conditions  of a third party application program, JustWare without the opportunity to read and examine such Terms and Conditions before accepting them.

31.     Prior to 2020, the Defendant Nassau County District Attorney's Office provided discovery materials in paper and electronic form.

32.     A message from the JustWare application addressed to the electronic mail address of a defense attorney states, "If you have already received an invite to the NCDA App Portal and registered for JusticeWeb you may login at https://myapps.microsoft.com/nassauda.org."

THE REST OF THIS PAGE INTENTIONALLY LEFT BLANK

33.     Upon requesting access to statutory and constitutional discovery materials from the County of Nassau, Nassau County District Attorney's Office, the following (example) message is displayed:



Exhibit "1"

34.     Upon complying with the directions to request access to statutory and constitutional discovery materials from the County of Nassau, Nassau County District Attorney's Office, the following (example) of message is received:



Exhibit "2"

35.    Defendant Nassau County District Attorney's Office has established Terms and Conditions regarding the use of JustWare which must be acknowledged, consented to, and accepted by an attorney for the accused as a condition precedent and prerequisite to obtaining access to constitutionally mandated *Brady* materials.

36.    There is no procedure whereby attorneys for accused Defendants in the Nassau County Criminal Court System can view the Terms and Conditions of Use which they are asked to acknowledge, consent to, and accept prior to accepting such Terms and Conditions.

37.    The following (example) message is sent demanding compliance with unknown terms and conditions



Exhibit "3"

38.    There is no procedure whereby attorneys for accused Defendants in the Nassau County Criminal Court System

can view the Terms and Conditions of Use which they are asked to acknowledge, consent to, and accept prior to accepting such Terms and Conditions which prevents attorneys from exercising informed consent on behalf of their clients.

39. Indeed, the following is all the information Plaintiff representative and all other attorneys are provided by Defendants County of Nassau and Defendant Nassau County District Attorney's Office:



Exhibit "4"

40. Upon information and belief, JustWare Accounts are requested through DiscoveryAccounts@NassauDA.org.

41. Defendant Nassau County District Attorney's Office maintains a website at www.nassauda.org but does not provide the terms and conditions required for an attorney to obtain statutory and constitutional discovery.

42.     A Freedom of Information Law ("FOIL") Request pursuant to the Public Officers Law was made upon the County of Nassau, Nassau County District Attorney's Office on February 26, 2020, to which Jed L. Painter requested a "clarification" and stated,

> "At the outset, I note that the system of electronic discovery production utilized by this office is a product of New Dawn Technologies, Inc. (JustWare) and used via license and contract. The JustWare software acts as an internal case management system for the office and additionally may allow limited access of that system to outside parties for specific aspect of a given case (i.e. items marked as discovery). That access is granted through normal internet processes."

43.     Jed L. Painter further stated,

> "At this point, I also want to note the obvious – that extensive detailing of security protocols is itself a breach of security. Therefore, while this correspondence does not mark my agency's final determination, I must forecast that the subject matter about which you are inquiring is likely sensitive and most likely not within the realm of public release..."

## CLASS ACTION ALLEGATIONS

44.     This action has been brought and may properly be maintained as a class action under Rules 23(a), 23(b)(1), 23(b)(2), 23(b)(3), and 23(c)(4) of the *Federal Rule of Civil Procedure*.

## The Plaintiff Class

45.     This action is brought by the representative Plaintiff**,** individually and on behalf of all those so unfortunate as to have been arrested and brought before a Nassau County Criminal Court and required to agree to the Terms and Conditions of a software vendor not directly under the

supervision and control of Nassau County and without assurance of privacy before obtaining discovery materials to which they are entitled according to the decision of the Supreme Court of the United States in *Brady* v. *Maryland,* 373 U.S. 83 (1963)

### THIS IS AN ACTION IN EQUITY

46.  Since the earliest days of the Republic, the Supreme Court has ruled that Article III courts such as this Honorable Court may fashion remedies consistent with its understanding of substantive due process, liberty, dignity and equity.

47.  Representative Plaintiff, individually and on behalf of all those so unfortunate as to have been arrested and brought before a Nassau County Criminal Court and required, by counsel, to agree to the Terms and Conditions of a software vendor not directly under the supervision and control of Nassau County and without assurance of privacy before obtaining discovery materials to which they are entitled according to the decision of the Supreme Court of the United States in *Brady* v. *Maryland*, 373 U.S. 83 (1963), prays this Honorable Court to fashion an equitable remedy requiring the Defendants, jointly and severally, individually and collectively, as their several interest may appear, as their several interests may appear, to provide discovery materials to Defendants and their attorneys without the need to execute an agreement with a software vendor not directly under the supervision and control of Nassau County and without assurance of privacy.

## CERTIFICATION UNDER RULE 23(A)

### Numerosity under Rule 23(a)(1)

48.      The members of the Plaintiff Class are so numerous that joinder of all members is impracticable.

49.      While the exact number of class members is unknown to the Representative Plaintiff at the present time, the Defendants, jointly and severally, individually and collectively, do have sufficient information to determine that number and the Representative Plaintiff believes that there are hundreds, if not thousands, of individuals who are so unfortunate as to be members of the Plaintiff class.

50.      It would be impracticable to join the Plaintiff Class members individually and there is no need for this Court to do so in order to grant the equitable relief sought by this action.

### Common questions of law under Rules 23(a)(2) and 23(b)(3)

51.      Common questions of law and fact exist as to all members of the Plaintiff Class and predominate over any questions solely affecting individual members of the Plaintiff Class.

52.      Among the many questions of law and fact common to the Plaintiff Class are whether the members of the Plaintiff Class are entitled to declaratory and/or injunctive relief and compensatory, general, and/or punitive damages.

### Typicality under Rule 23(a)(3)

53.      The claims of the clients of the Representative Plaintiff in the County of Nassau are typical of and common to the claims of all the members of the Plaintiff Class.

## Adequacy under Rule 23(a)(4)

54.     The members of the Plaintiff Class will be fairly and adequately represented by the Representative Plaintiff.

55.     The Representative Plaintiff is an attorney competent and experienced in litigation and intends to pursue this action vigorously.

56.     The Representative Plaintiff has retained competent and experienced attorneys to represent the interests of the Class.

57.     The Representative Plaintiff has no interest adverse to or in conflict with that of any individual who might be entitled to the relief sought herein.

58.     Counsel who have been selected by the Representative Plaintiff have no interest adverse to or in conflict with that of any individual who might be entitled to the relief sought herein.

## Superiority under 23(b)(3)

59.     A class action is superior to all other available methods for the fair and efficient adjudication of this controversy.

60.     The Representative Plaintiff and his attorneys are not aware of any difficulty to be encountered in the management of this action that would preclude its maintenance as a class action.

## Alternative certification under Rule 23(b) or 23(c)

61.     Alternative certification may be appropriate under Rules 23(b)(1), 23(b)(2) and/or 23(c)(4) of the *Federal Rules of Civil Procedure*.

62.     The prosecution of separate actions by the individual members of the Plaintiff Class would create a risk of inconsistent or varying adjudications with respect to

individual Class members, which would establish incompatible standards of conduct for Defendants.

63.     The prosecution of separate actions by individual Class members would create a risk of adjudications that would, as a practical matter, be dispositive of the interests of other Class members not parties to the adjudications, or would substantially impair or impede their ability to protect their interests.

64.     Defendants acted or refused to act on grounds generally applicable to the Plaintiff Class, thereby making appropriate final declaratory and injunctive relief with respect to the members of the Plaintiff Class as a whole.

65.     The claims of class members are comprised of common issues that are appropriate for certification under Rule 23(c)(4).

## DEFENDANT COUNTY OF NASSAU

66.     Defendant NASSAU COUNTY was and is responsible for the municipal entity DEFENDANT NASSAU COUNTY DISTRICT ATTORNEY'S OFFICE and its agents, assigns and employees.

67.     Collectively, these Defendants with the Nassau County District Attorney and the Defendant Nassau County District Attorney's Offices are referred to as the "Nassau County Defendants."

68.     Upon information and belief, at all times relevant in this Complaint, Defendant NASSAU COUNTY, is a municipality within New York State and was a recipient of federal funding the true extent of which is unknown to the Plaintiff but well known to officials of the Defendant County. at the time of the events complained of herein. Upon information and belief,

### DEFENDANT MADELINE SINGAS AS NASSAU COUNTY DISTRICT ATTORNEY

69.     Madeline Singas is the duly elected District Attorney of Nassau County ("Singas").

70.     She is named as a Defendant herein in her official capacity.

71.     The District Attorney of Nassau County is named to enjoin such person from withholding, among other things, *Brady* material, from accused Defendants and their attorneys unless they agree to the Terms and Conditions imposed by a software vendor not directly under the supervision and control of Nassau County and without assurance of privacy

## L. Duffy, B.S, Attorney's Assistant I

72.     According to a posting on the international social media site, LinkedIn, an individual named L. Duffy, B.S represents that he is associated with the office of the Nassau County District Attorney as, "Attorney's Assistant I – Financial Crimes Bureau/Criminal Complaints Unit," and "About: Currently employed by Nassau County District Attorney's Office as Attorney's Assistant I in the Financial Crimes Bureau and Criminal Complaint Unit. Previous education obtained from multiple universities including a Paralegal Certificate with Honors from Hofstra University Paralegal Program (ABA accredited), a B.S. in Forensic Science…"

73.     Under "Experience," L. Duffy lists, "Attorney's Assistant I - Financial Crimes Bureau/Criminal Complaints Unit Nassau County District Attorney's Office Mar 2019 – Present · 1 yr 1 mo" and among his activities, "condense voluminous case data for review, provided focused reports utilizing Excel, Word, and related software, utilizing subpoenaed financial and related records on evidentiary value of cases for prosecution for assistant district

attorneys (ADAs) and Detective Investigators for prosecution purposes. Analyze, classify, and review financial data for precision and relevance for ADA or Detective Investigator review.

74. Of particular relevance to this litigation is the claim by L. Duffy who is not an attorney, that, "Utilizing law enforcement intelligence based data collection systems such as JustWare, ACISS and ecourts, to locate pertinent information on criminal defendants."

75. In addition, L. Duffy claims that he "Draft[s] subpoenas to private companies and government agencies, affidavits of service, and requested minutes and related documents for criminal investigation purposes and/or trial preparation. Construct, maintain, and manage subpoena logs to track subpoenas and confirmed contents requested were in compliance. Investigate case facts and compile factual supporting documents for ADA's from various government and internet based sources. Attend meetings with victims, witnesses, ADAs and law enforcement to determine merits of investigation for prosecution purposes. Caseload is focused on fraud schemes and patterns to defraud the elderly population and other vulnerable populations. Attend to the general public via phone or in person to file criminal complaints.

76. According to information posted on its official website, http://www.nassauda.org/299/Meet-District-Attorney-Madeline-Singas, "as District Attorney, Madeline [Singas] has focused efforts on combatting drug and gun trafficking, violent gangs and sexual assaults. Using innovative investigative strategies, collaborative partnerships and intelligence-based prosecution models, she has effectively dismantled narcotics and gang enterprises within Nassau

County and beyond its borders. She has dedicated unprecedented resources to battle the epidemic of heroin and opiate abuse plaguing Nassau County, prioritizing education to prevent addiction and treatment for those abusing drugs. In addition, she is committed to aggressively investigating and combatting government corruption to protect taxpayers from those who abuse the public trust."

77.    According to information posted on its official website, http://www.nassauda.org/299/Meet-District-Attorney-Madeline-Singas, "Madeline [Singas] priorities are driven and informed by more than two decades of experience as a courtroom prosecutor, trying and overseeing thousands of criminal cases. She began her career as an Assistant District Attorney in Queens at the height of the crack wars, working her way through the ranks prosecuting murderers, batterers, and other violent criminals. In 2006, she joined the Defendant Nassau County District Attorney's Office as chief of Nassau's newly-created Special Victims Bureau, bringing her expertise to serve the most vulnerable victims-- children, the elderly, and victims of domestic and sexual abuse.

78.    According to information posted on its official website, http://www.nassauda.org/299/Meet-District-Attorney-Madeline-Singas, "[i]n 2011, Madeline was appointed Chief Assistant District Attorney, and worked to design and implement specialized programs for adolescent offenders, veterans, and those who suffer from mental illness or drug addiction. She was elevated to the role of Acting District Attorney in January 2015 and elected to a four- year term in November 2015."

79.     According to information posted on its official website, http://www.nassauda.org/27/About-the-Office on the page entitled, "Mission statement," "[t]he function of the Nassau County District Attorney's Office is to investigate and prosecute violations of state and local criminal statutes occurring within Nassau County. With more than 160 lawyers and a total staff in excess of 300, the Defendant Nassau County District Attorney's Office is one of the largest district attorney's offices in the country. Situated on Long Island, immediately to the east of New York City, the office is committed to hiring the most qualified attorneys, investigators and support staff. The office is dedicated to constant philosophical and technological modernization and looks forward to implementing ever-changing strategies that allow it to stay one step ahead of criminal behavior."

80.     Collectively, these Defendants are referred to as "NASSAU COUNTY DEFENDANTS" and are responsible for providing statutory and constitutional discovery to the accused within the County of Nassau in various prosecutions within the cities, villages and towns of County of Nassau, State of New York.

### DEFENDANT CIVILIAN CONTRACTORS

# Defendant Daily Journal Corporation

81.     According to its Form 10-K for the fiscal year ending September 30, 2015, The Company publishes newspapers and web sites covering California and Arizona and produces several specialized information services. It also serves as a newspaper representative specializing in public notice advertising. ("The Traditional Business").

82.     Essentially all of Defendant Daily Journal Corporation (referred to below as "the Company") operations are based in California, Arizona and Utah.

83.     The Company publishes 10 newspapers of general circulation. Each newspaper, in addition to news of interest to the general public, has a particular area of in-depth focus with regard to its news coverage, thereby attracting readers interested in obtaining information about that area through a newspaper format.

84.     Effective October 1, 2015, the Company has discontinued the publication of the California Lawyer magazine and the California Directory of Attorneys.

85.     The Company has several court rules services. One is Court Rules, a multi-volume, loose-leaf set. Court Rules reproduces court rules for certain state and federal courts in California. The Court Rules appear in two versions, one of which covers Northern California courts (nine volumes) and one of which covers Southern California courts (eight volumes).

86.     The Company updates Court Rules on a monthly basis. In addition, the Company publishes a single volume of rules known as Local Rules for major counties of California. Six versions are published for Southern California, each a single bound volume for the rules of: (1) Los Angeles County; (2) Orange County; (3) San Diego County; (4) San Bernardino County; (5) Riverside County; and (6) Ventura, Santa Barbara and San Luis Obispo counties. Also, the Company publishes single-volume rules for the Federal District Court in the Central District of California and California Probate Rules.

87.     In Northern California, three versions of the Local Rules appear in loose-leaf books for Santa Clara/San Mateo,

Alameda/Contra Costa and San Francisco counties. The single volumes are normally updated or replaced whenever there are substantial rule changes.

88.    The Judicial Profiles services contain information concerning nearly all active and retired judges in California. Most of the profiles have previously appeared in The Daily Journals as part of a regular feature.

89.    The Judicial Profiles include biographical data and financial disclosure statements on judges and information supplied by each judge regarding the judge's policies and views on various trial and appellate procedures and the manner in which appearances are conducted in his or her courtroom. Subscribers may purchase either the ten-volume set for Southern California or the eight-volume set for Northern California.

90.    The Company is not a party to any collective bargaining agreements.

91.    The Company relies heavily on Gerald Salzman, who serves as president, chief executive officer, chief financial officer, treasurer and assistant secretary. If Mr. Salzman's services were no longer available to the Company, it is unlikely that the Company could find a single replacement to perform all of the duties now handled by him, and it could have a significant adverse effect on the Company's business. The Company does not carry key man life insurance, nor has it entered into an employment agreement with Mr. Salzman.

## Defendant Journal Technologies, Inc.

92.    Journal Technologies, Inc. ("Journal Technologies"), a wholly owned subsidiary of the Company, Defendant Daily Journal Corporation, supplies case management software systems and related products to courts and other justice

agencies, including administrative law organizations, county governments and bar associations.

93.    These organizations use the Journal Technologies family of products to help manage cases and information electronically, to interface with other critical justice partners and to extend electronic services to the public, including a website to pay traffic citations online, and bar members.

94.    These products are licensed to more than 500 organizations in 41 states and internationally. Journal Technologies is the result of the October 1, 2014 merger of the Company's three technology-related subsidiaries, which were previously separate companies: Sustain Technologies, Inc. ("Sustain"), a wholly owned subsidiary since 2008; New Dawn Technologies, Inc. ("New Dawn"), acquired in December 2012; and ISD Technologies, Inc. ("ISD"), acquired in September 2013.

95.    Journal Technologies provides case management software and related services to courts and other justice agencies. Its operations constituted about 57% of the Company's total revenues in fiscal 2015, 53% in 2014, 37% in 2013, 9% in 2012 and 9% in 2011 (with the 2011-2012 numbers reflecting Sustain only). Journal Technologies earns revenue from license and maintenance fees paid by customers to use its software products; consulting fees paid by customers for installation, implementation and training services; and fees generated by the use of secure websites through which the general public can pay traffic citations.

96.    Journal Technologies has the following main products: eCourt®, eProsecutor, eDefender and eProbation — browser-based case processing systems that can be used by courts and other justice agencies for all case types because

its screens, data elements, business rules, work queues, searches and alerts are highly configurable.

97.   Journal Technologies also supports its prior generation Justice Edition software, which is a Windows-based system that also provides for customizable configurability.

98.   JustWare® — a family of case management software products for use by courts and other justice agencies.

99.   JustWare® provides a standardized case management system that includes business rules to automate tasks, document and report generation, digital signatures and shortcuts to speed data input.

100.  Journal Technologies also licenses its JusticeWeb® public access software, which allows the public to view certain case information, provides a means to create permission-based access for sensitive data, allows pro se litigants and attorneys to e-file documents and includes a way for case participants to make payments online.

101.  ICMS™ — a court case management system, which was acquired as part of the acquisition of the ISD assets.

102.  Journal Technologies also licenses CASE™ — an automated probation case management system, including juvenile hall detention management features.

103.  eFile™ — a browser-based interface that allows attorneys and the general public to electronically file documents with the court from a personal computer using the Internet at any time.

104.  ePayIt™ — a service for the online payment of traffic citations. Users can pay traffic citations using the Internet at any time with a credit card, and can obtain traffic school and other information.

105.  Almost all of Journal Technologies' customers are government agencies, and most new software installation and licensing projects are subject to competitive bidding procedures. Accordingly, the ability of Journal Technologies to get new customers is highly unpredictable. In addition, budget constraints, especially during stressful economic times, could force governmental agencies to defer or forgo consulting services or even to stop paying their annual software maintenance fees.

106.  As a technology-based company, Journal Technologies' success depends on the continued improvement of its products, which is why the costs to update and upgrade them consistently constitute such a significant portion of the Company's expenses.

107.  The Company's revenues from Journal Technologies' foreign customers were $278,000 in fiscal 2015, $332,000 in fiscal 2014, and $301,000 in fiscal 2013. All of the Company's other revenues in those years were attributable to the United States.

108.  There is significant competition among a limited number of companies to provide services and software to the courts and other justice agencies, and some of these companies are much larger and have greater access to capital and other resources than Journal Technologies. Others provide services for a limited number of customers. As part of the competitive bidding process, many customers will express a preference for, or even require, larger vendors.

109.  Many customers desire Internet-based solutions to centralize operations, facilitate electronic filing and other interfaces with other justice partners and the public, and publish certain information from case management systems. Journal Technologies' product lines provide versions of these services, but there are many uncertainties

in the process of courts and other agencies migrating to newer Internet-based systems, including whether Journal Technologies' versions of case management systems will find general acceptance and whether the update, upgrade and modification of such systems can be done in a cost effective manner. The Company competes on a variety of factors, including price, technological capabilities and services to accommodate the individual requirements of each customer.

110.   Journal Technologies has about 150 full-time employees and contractors and 20 part-time employees

## Risks Associated with Journal Technologies

111.   According to its Form 10-K for the fiscal year ending September 30, 2015, the success of Journal Technologies depends in large part on the technological update and upgrade of its software products.

112.   Journal Technologies' success depends on the continued improvement of its products, and the costs to update and upgrade those products consistently represent a large portion of Journal Technologies' expenses. There are many uncertainties in the process of courts and other justice agencies migrating to newer case management systems, including whether Journal Technologies' versions of these systems will find general acceptance and whether the modification of such systems can be done in a cost effective manner. The costs to update and upgrade Journal Technologies' products are expensed as incurred and will impact earnings at least through the foreseeable future.

113.   Journal Technologies faces significant competition from other case management software vendors. There is significant competition among a limited number of companies to provide services and software to courts and

other justice agencies, and some of these companies are much larger and have greater access to capital and other resources than Journal Technologies. Normally, the vendor is selected through a bidding process, and often the customers will express a preference for, or even require, larger vendors. An inability to successfully compete in this difficult market could materially affect the earnings of Journal Technologies.

114.   The customers of Journal Technologies are public sector entities, which create special issues and risks. Substantially all of the customers of Journal Technologies are courts, justice agencies, and other government entities.

## JUSTWARE

115.   According to the only information posted publicly on its official website under the navigation heading, "Home," https://www.JustWare.com/JustWare-2:

# Journal Technologies & JustWare

> "In 1992, New Dawn started in a spare bedroom with a developer creating a case management solution for a statewide government customer. Since that original version, we have added extensive functionality and released versions of JustWare for all types of courts and justice agencies. We have also released our Adaptive Case Management solution that is configurable for all types of government agencies. We maintain a 98% customer retention rate, which includes the first customer to ever purchase JustWare.
>
> In December 2012, New Dawn joined Sustain Technologies and ISD corporation combining our strengths and experience with the mission to delight our customers under the ownership and guidance of the Daily Journal Corporation senior leadership. The Daily Journal Corporation (DJCO) is the publicly held

publisher of the Los Angeles and San Francisco Daily Journal and numerous other publications serving the legal industry.  In 2015, Sustain Technologies and ISD Corporation merged into New Dawn Technologies thus becoming Journal Technologies, Inc. a wholly owned subsidiary of the Daily Journal. With more than $180 million in cash and marketable securities, the Daily Journal brings the financial stability to allow Journal Technologies to be strategic and agile in market and product decisions. The Daily Journal also brings the executive leadership of Charlie Munger, the chairman of the Board.  Mr. Munger is also the Vice Chairman of Berkshire Hathaway.  Journal Technologies supplies case management software to courts, prosecutors, public defenders, probation and other justice agencies. We serve over 500 courts and agencies in 42 states.

At Journal Technologies, we recognize your role is critical and have developed software to help you automate many of the tasks that lead to case backlogs and slow down the judicial process. Whether you are a judge, court clerk, cashier, attorney, parole officer or other judicial staff, JustWare can help you save time by becoming more efficient. JustWare's configurability, security rules, and scalability make it the ideal web based case management for all case types in a single jurisdiction or for all case types in all courts across a state.  JustWare works great with:

- Courts
- Prosecutor
- Probation
- Municipal Courts
- Public Defender
- Pretrial and Court Service Offices"

116. According to the only information posted publicly on its official website under the navigation heading, "Products > JustWare," https://www.JustWare.com/JustWare-2:

JustWare

"Government agencies frequently have unique needs not easily met by most commercial off-the-shelf (COTS) programs. Journal Technologies Adaptive Case Management software solution provides all the advantages of a COTS program with the flexibility (but without the costs and time commitment) of a custom-developed application. You can create an unlimited number of fields, create screens and data views based on users and groups, embed external programs, define code tables, create your own graphical dashboards, add an unlimited number of case types, and more.

**JustWare Court**

The right to a speedy court case is guaranteed by the constitution. As caseloads continue to grow and resources are stretched, many individuals are forced to wait longer and longer for resolutions. At Journal Technologies, we recognize your role is critical and have developed court software to help you automate many of the tasks that lead to case backlogs and slow down the judicial process. Whether you are a judge, court clerk, cashier, or other judicial staff, JustWare | Court can help you save time by becoming more efficient. JustWare's configurability, security rules, and scalability make it the ideal web based court case management for all case types in a single jurisdiction or for all case types in all courts across a state.

Journal Technologies offers case management solutions for all courts, including district, county, and state, and court types, including criminal, civil, and specialty.  Journal Technologies has also been actively involved in many of the standards organizations that govern court case management technology and requirements.  Our court customers are as varied as the courts they serve.

**JustWare Prosecutor**

Prosecutors build strong communities by keeping residents safe. At Journal Technologies, we understand the diversity

of your responsibilities and have created legal case management software to make it more manageable. JustWare | Prosecutor will help you get more done in your limited time between drafting documents, meeting with victims and police officers, arguing in court, and researching laws and cases. Whether you're working on a criminal, civil, juvenile, asset forfeiture, or other case type, our prosecutor software will help you effectively manage legal matters for the community you serve.

## JustWare Probation

Probation and parole agencies serve vital roles in our society. Whether you work in a probation, parole, or a court services office, you strengthen the community by helping offenders become law-abiding citizens. At Journal Technologies, we believe in the importance of your role and want to help. While we can't meet with offenders and help them restructure their lives, as you do, we have built a web based probation and parole case management software solution, JustWare | Probation & Parole, to help you do so.

## JustWare MuniCourt

Municipal courts are often the only justice system seen by many residents in our cities and towns. Many of the people you see each day will never appear in another court. You serve your community and we want to serve you. At Journal Technologies, we have created court case management software to help you serve your community in a more efficient way. Whether you are a judge, court clerk, or cashier, JustWare | Municipal Court—court software developed with municipal courts in mind—will help you manage information in a way that saves time and taxpayer dollars.

## JustWare Defender

As a public defender, you protect our constitutional rights. While you are learning to do more with less, Journal Technologies would love to help you find the balance you are looking for. JustWare | Defender, a legal case management

software, allows you to easily access and manage your cases and matters.

### JustWare Pretrial

Strong communities are built on a foundation of hard work and dedication. As a pretrial and diversion officer or staff member, you help first-time offenders stay out of jail and keep their records clean. You know that helping minor offenders stay out of jail will have an impact on their future careers, family and lives. At Journal Technologies, we believe in what you do and want to help. We can't decrease the weight of your responsibilities but our diversion software can carry some of the burden. JustWare | Pretrial Services, our pretrial and diversion case management software, provides extensive functionality to simplify your task lists and manage your heavy load."

## JusticeWeb

117.   According to the only information posted publicly on its official website under the navigation heading, "Products > Justice Web, " https://www.JustWare.com/justiceweb:

"Journal Technologies' JusticeWeb public access solutions gives the public and JusticeWeb users tools to view agency-defined case and name data, create permission-based access for sensitive data, allow pro se litigants and attorneys to e-file cases and documents, downloading discovery and case participants to make payments online. Meet your local community's goals by choosing the components you need to best suit your needs.

### Benefits

**Accessibility.** With JusticeWeb's secure online platform, you have the ability to share agency-defined data with the public or accessible only through a dedicated login. You have complete control of each user, or user-group granting various levels of access whether they be the press, public or case-involved names.

**Efficient.** Spend less time answering questions from the general public or case involved persons by providing read-only access to the most commonly requested materials online. By giving external users the ability to access calendars, agency-defined reports, or general case information online; you'll reduce the amount of time needed to respond to public inquiries, phone calls, and data requests.

## Security

To protect the sensitive data you choose to share, JusticeWeb deploys multiple layers of security. JusticeWeb's security makes certain that your materials can only be accessed by those you've granted permissions.

**Read-Only format.** JusticeWeb only gives access to the documents or reports you select. The original files are housed securely within your JustWare case management system.

**User-Based Permissions.** Permission-based accessibility allows you to restrict or grant access based on login credentials. Users may only access the materials/data per your permissions. This type of security allows you to provide JusticeWeb users with more detailed reports or calendars.

## Versatility

JusticeWeb's online portal provides read-only access to data from your JustWare case management system directly to the press, public or case-involved persons.

With the versatility of user groups, you are able to use JusticeWeb for many different purposes. For example, law enforcement may have read-only access to case documents and calendars involving their department, versus the general public only having access to a calendar or annual reports.

**Installation Types**

**JusticeWeb is an add-on to JustWare.** JusticeWeb was developed to operate seamlessly with the JustWare case management platform. Acquire JusticeWeb as part of your initial JustWare installation, or add it later to increase the effectiveness of your JustWare case management solution."

118. According to the only information posted publicly on its official website under the navigation heading, "Products > JusticeWare Mobile,"
https://www.JustWare.com/JustWare-mobile-1:

# JustWare Mobile

"JustWare has a mobile application that allows active JustWare users the ability to access and perform basic case actions from a mobile device. The JustWare Mobile product is an HTML5 web app, meaning it can be accessed from any mobile device with a modern web browser; Windows, Mac or Android based.

JustWare Mobile gives individuals the ability to do the following:

- View their JustWare Calendar
- Perform time tracking
- View active cases
- View Case Summary
- View upcoming events as well as add new events
- View and add case notes
- View case documents
- View and create tasks"

119. Upon information and belief, Defendants provide no available information concerning the Terms and Conditions imposed upon users of the JustWare system.

120.   Upon information and belief, Defendants provide no available information concerning the security of communication involving the JustWare system.

121.   Upon information and belief, Defendants provide no available information concerning the security of data sourced in the "Cloud" by the JustWare system.

## NASSAU CRIMINAL COURTS PRACTICE

122.   Representative Plaintiff and all other attorneys so unfortunate as to be similarly situated, defending accused individuals within the County of Nassau and seeking constitutional and statutory discovery, cannot obtain discovery pertaining to their clients without agreeing to Terms and Conditions of a third party software vendor, the JustWare Defendants.

123.   Representative Plaintiff and all other attorneys so similarly situated, defending individuals  accused within the County of Nassau and seeking constitutional and statutory discovery on their behalf, are subject to tracking done by JustWare if they agree to such terms and conditions.

124.   Within CPL § 245.20 is a list of records, some sensitive in nature, that should be provided to the accused without a written demand by defense counsel. Those records may contain personal health information, home addresses, contact information and other records.

125.   CPL § 245.55 states that all records in the possession of New York State or local police agencies shall be deemed to be within the possession of the prosecutor and are thus subject to disclosure.

126.   To adjust to this mandate, local prosecutors, such as Defendant Nassau County District Attorney's Office,

Nassau County Defendants, are now producing that discovery upon the condition that defense attorneys consent to use of a third party vendor, The Electronic Portal.

127. CPL § 245.20(2) requires that the prosecutor take affirmative steps to cause records to be made available for discovery where such records exist but are not within their control.

128. While CPL §245.70 permits either party to move the trial court for a protective order limiting, upon a showing of good cause, the information to be turned over, by either denying, restricting, conditioning, or deferring its disclosure, if that production requires attorneys representing accused individuals to consent to Terms and Conditions imposed by a third-party vendor that, consent may permit, among other things, tracking of the attorney, the accused, and witnesses, as well as civilian and non-civilian government employees?

129. The Representative Plaintiff and all those other attorneys so unfortunate as to be similarly situated rely upon CPLR § 2103(b)(7) which provides for the delivery of papers "by transmitting the paper to the attorney by electronic means where and in the manner authorized by the chief administrator of the courts by rule." And "… unless such rule shall otherwise provide, such transmission shall be upon the party's written consent."

130. The Defendant Nassau County District Attorney's Office ("NCDA"), offers a one-page letter that requires the use of JustWare, "an electronic sharing platform for discovery" that is allegedly "protected by dual layer security and designed to memorialize transmission and download activity to ensure integrity of service."

https://www.nassauda.org/DocumentCenter/View/979/JusticeWeb-Invite-Guide.

131.   According to the NCDA, without use of the system, JustWare in Nassau County, statutory and constitutional discovery production cannot be accessed by the accused.

132.   According to the *New York State Motor Vehicle Theft and Insurance Fraud Prevention Board, 2017 Annual Report*, New York State Division of Criminal Justice Services (2018), https://www.criminaljustice.ny.gov/crimnet/ojsa/FINAL%20 2017%20MVTIFP%20Annual%20Report%20.pdf , The [NCDA's] JustWare Case Management System allows data analysis in tracking vehicle theft and insurance fraud cases to better follow and report these charges, analyze the types of offenses seen and the dispositions of these matters."

133.   Attorneys cannot ethically consent to Terms and Conditions imposed by a third-party vendor not under the direct supervision and control of the Nassau County District Attorney to obtain statutory and constitutional discovery materials.

134.   Comment 8 to New York Rules of Professional Conduct ("RPC") 1.1 states: "To maintain the requisite knowledge and skill, a lawyer should … (ii) keep abreast of the benefits and risks associated with technology the lawyer uses to provide services to clients or to store or transmit confidential information."

135.   As early as 2004, N.Y.S. Bar Association Ethics Opinion 782 opined that a lawyer who uses technology to communicate with clients must use reasonable care with respect to such communication, and therefore must assess the risks attendant to the use of that technology.

136.    The NCDA Electronic Portal, for example, requires an electronic mail address, approval by the NCDA administration and "[t]he first time you log in to JusticeWeb, you will be prompted to accept NCDA terms of use" and "[a] record of site, upload, and download activity is maintained within the DA case management system." And instructed to, "[c]lick on download to retrieve the zipped discovery packet."

137.    Both the Civil Practice Law and Rules and the United States Constitution do not require an attorney defending an accused individual to accept the undisclosed Terms and Conditions of a third party vendor.

138.    The NCDA terms of use and common sense dictate that the same Nassau County that almost lost nearly a million dollars because of a data breach can neither be trusted no more than held accountable for the release of sensitive client data.

139.    The County of Nassau has already suffered newsworthy data breaches. See Joe Panettieri, *Nassau County Phishing Attack: Nassau County Recovers $710,000*, MSSP Alert (Jan 11, 2020), https://www.msspalert.com/cybersecurity-breaches-and-attacks/phishing/nassau-county-recovers-710000/.

140.    School Districts within the County of Nassau have paid hundreds of thousands of dollars in ransomware attacks. CBS2, *Back To School For* Scammers*: Hackers Target Long Island School District With Ransomware*, CBS (August 26, 2019), https://newyork.cbslocal.com/2019/08/26/rockville-centre-school-district-hacked-ransomware-nassau-county-boces-lupinskie-center/.

141.    Personal information and information about minor students was also exposed in a data breach. Scott Eidler,

*Officials: Long Island students swept up in statewide data breach*, Newsday (Jan. 18, 2018), https://www.newsday.com/long-island/education/questar-vendor-testing-1.16250111.

142.    Capital One and Yahoo, a division of Verizon, both large international corporations have suffered significant data breaches. Soo Youn, *The Capital One data breach is alarming, but these are the 5 worst corporate hacks*, ABC News (July 30, 2019),

143.    "Marriott said in a statement Friday that an investigation recently revealed "unauthorized access" since 2014 to information relating to reservations at Marriott's Starwood properties, and that a hacker had 'copied and encrypted information.' The compromised data includes names, mailing addresses, phone numbers, email addresses, passport numbers, dates of birth, gender, Starwood Preferred Guest loyalty program account information, arrival and departure times, and reservation dates." https://abcnews.go.com/Technology/marriotts-data-breach-large-largest-worst-corporate-hacks/story?id=59520391.

144.    The above cases are representative examples of what can occur after a consumer agrees to allow a private corporation to handle sensitive data.

145.    Defendants provide no assurance, indemnification or explanation as to what, if any, security measures are provided in this JustWare system.

## THE PLAINTIFF' CLAIMS

# Actionable events

146. The claims of the Representative Plaintiff and members of the Plaintiff Class arise from the procedures and practices complained of herein involving the JustWare Defendants.

147. Defendants, jointly and severally, individually and collectively, have endorsed this policy and New York State Courts within the County of Nassau have allowed such procedures and practices to flourish.

## THE CONSTITUTIONAL ISSUES

### BRADY V. MARYLAND

148. *Brady* v. *Maryland*, 373 U.S. 83, 83 S. Ct. 1194, 10 L. Ed. 2d 215 (1963) empowered defense attorneys to obtain exculpatory information from prosecuting attorneys.

149. Individuals accused of crimes in the County of Nassau are entitled to receive discovery information pursuant to *Giglio* v. *United States*, 405 U.S. 150, 92 S. Ct. 763, 31 L. Ed. 2d 104 (1972).

150. Individuals accused of crimes in the County of Nassau are entitled to receive discovery information and the prosecutor cannot condition production of exculpatory information to the accused or his or her attorney upon accepting the Terms and Conditions of a third-party vendor not under the direct supervision and control of the Nassau County District Attorney  participation in a third party software.

151. Both the United States Constitution and the New York State Constitution require the production of exculpatory information with varying consequences if the prosecuting attorney/agency fails to produce such records.

152.    A prosecutor must provide a record specifically sought by defendant in his or her discovery request.

153.    Nothing requires a defense attorney to acquiesce to Terms and Conditions of a third-party software vendor not under the direct supervision and control of the Nassau County District Attorney.

154.    Neither the Representative Plaintiff nor any other attorney admitted to practice in the State of New York is required by law to accept the Terms and Conditions imposed by a third-party software vendor not under the direct supervision and control of the Nassau County District Attorney to obtain discovery materials from the People of the State of New York.

155.    The NCDA has no legal authority to condition statutory and constitutional discovery upon acceptance of the Terms and Conditions of a third-party software vendor not under the direct supervision and control of the Nassau County District Attorney.

### THE SIXTH AMENDMENT: "RIGHT TO COUNSEL"

156.    The right to the effective assistance of counsel is guaranteed by both the Sixth Amendment to the Constitution of the United States  and the New York State art I, § 6 which provides,

> "In all criminal prosecutions, the accused shall enjoy the right to a speedy and public trial, by an impartial jury of the state and district wherein the crime shall have been committed, which district shall have been previously ascertained by law, and to be informed of the nature and cause of the accusation; to be confronted with the witnesses against him; to have compulsory process for obtaining witnesses in his favor, and to have the assistance of counsel for his defense."

157.    The members of the Plaintiff class cannot properly be defended without complete and unrestricted access to all the available *Brady* and *Giglio* discovery material.

158.    Attorneys cannot be effective in representing individuals accused of crimes if they must agree to Terms and Conditions imposed by a third-party software vendor not under the direct supervision and control of the Nassau County District Attorney and unknown at the time they must be accepted.

### THE FIFTH AMENDMENT: "DUE PROCESS"

159.    Upon information and belief, Plaintiff and all others similarly situated are not afforded the opportunity to obtain statutory and constitutional discovery without first agreeing to  conditions set forth by the Defendant Nassau County District Attorney's Office.

160.    Attorneys representing any member of the Plaintiff class are exposed to professional/ethical violations together with violations of New York State and Federal Privacy statues including but not limited to potential HIPPA violations as a result of acknowledging, consenting to, and accepting Terms and Conditions of Use without sufficient information about such Terms and Conditions of Use.

161.    Defendants are state actors or acting under the authority of the State.

162.    Defendants' demand that Criminal Defense attorneys acknowledge, consent to, and accept Terms and Conditions of Use from a third party vendor without the opportunity to examine such Terms and Conditions of Use and without procedural due process or any ability to challenge such Terms and Conditions of Use violates the Constitutional,

civil, natural, and human rights  of the members of the Plaintiff class.

163.   Defendants' conditioning constitutionally mandated discovery upon the use of a third party vendor can result in the leak of a large amount of data for which the defense counsel may be held liable.

164.   Attorneys representing members of the Plaintiff class are asked to compromise the integrity of the criminal defense and attorney client relationship to obtain constitutionally mandated discovery in violation of the United States and New York State Constitutions.

## THE FOURTH AMENDMENT: RIGHT TO COUNSEL

165.   Upon information and belief, the Defendants utilize JustWare to collect and aggregate data on members of the Plaintiff class.

166.   Government acquisition of certain electronic information without a warrant is considered a search. *Carpenter v. US*, 138 S. Ct. 2206, 585 U.S. 2018, 201 L. Ed. 2d 507 (2018).

167.   JustWare requires access to information concerning Plaintiff class and the clients Plaintiff class represents. See Exhibits "1" – "4", *supra*.

168.   Attorneys representing members of the Plaintiff class are asked to compromise the integrity of the criminal defense and attorney client relationship to obtain constitutionally mandated discovery in violation of the United States and New York State Constitutions.

## THE FOURTH AMENDMENT: INFORMED CONSENT

169.   The rights of the members of the Plaintiff class have been and still are being violated by the Defendants requiring attorneys representing accused individuals in Nassau

County to acknowledge, consent to, and accept unknown Terms and Conditions imposed by a third-party software vendor not under the direct supervision and control of the Nassau County District Attorney in order to obtain constitutionally mandated discovery materials.

170. Defendants refuse to provide the members of the Plaintiff Class and their attorneys with the Terms and Conditions imposed by a third-party software vendor not under the direct supervision and control of the Nassau County District Attorney before producing discovery materials; refusing to indemnify attorneys representing individuals accused of Crimes in Nassau County for security breaches related to the third-party software vendor not under the direct supervision and control of the Nassau County District Attorney, nor provide information as to what information and the extent of such information is at risk of compromise from forcing the members of the Plaintiff Class and their attorneys accept the Terms and Conditions imposed by a third-party software vendor not under the direct supervision and control of the Nassau County District Attorney in order to obtain statutory and constitutional discovery.

171. The demand by Defendants that attorneys representing members of the Plaintiff class acknowledge, consent to, and accept Terms and Conditions imposed by a third-party software vendor not under the direct supervision and control of the Nassau County District Attorney in order to obtain constitutionally mandated discovery materials compromises the integrity of the criminal justice system and interferes with the attorney client relationship in violation of the Constitution of the United States and the New York State Constitution.

### THE FIFTH AND FOURTEENTH AMENDMENT

172.    The rights of the members of the Plaintiff class were violated by Defendants requirement that attorneys representing members of the Plaintiff class acknowledge, consent to, and accept Terms and Conditions imposed by a third-party software vendor not under the direct supervision and control of the Nassau County District Attorney in order to obtain constitutionally mandated discovery materials.

173.    Defendants have refused to provide sufficient information for Attorneys representing individuals accused of crimes in Nassau County to obtain informed consent from the members of the Plaintiff class they represent.

174.    Members of the Plaintiff class are denied a fair trial when the prosecutor's statement of readiness is premised upon the alleged production of statutory and constitutional discovery only if Attorneys representing individuals accused of crimes in Nassau County accept the Terms and Conditions imposed by a third-party software vendor not under the direct supervision and control of the Nassau County District Attorney.

175.    Defendants have frustrated the legislative goals of New York Criminal Procedure Law Article 245 by requiring Attorneys representing individuals accused of crimes in Nassau County to accept the Terms and Conditions imposed by a third-party software vendor not under the direct supervision and control of the Nassau County District Attorney.

176.    Members of the Plaintiff class are deprived of constitutionally mandated potentially exculpatory information, by requiring Attorneys representing individuals accused of crimes in Nassau County to accept

the Terms and Conditions imposed by a third-party software vendor not under the direct supervision and control of the Nassau County District Attorney in order to obtain statutory and constitutional discovery materials.

177.  JustWare is not endorsed nor agreed upon by the members of the Plaintiff class and all others similarly situated.

178.  Upon information and belief, JustWare is not approved by the New York Office of Court Administration.

179.  JustWare has made no guarantees or representation to the third parties for which its software gathers, maintains, distributes, accesses, restricts and aggregates data.

180.  Members of the Plaintiff class and Attorneys representing individuals accused of crimes in Nassau County were never afforded notice of the use of JustWare by Defendants as the sole and exclusive means of providing production of constitutionally mandated discovery materials.

181.  Upon information and belief, Defendant Nassau County District Attorney's Office makes use of JustWare in the aggregation of data for the purpose of prosecuting members of the Plaintiff class.

182.  Upon information and belief, attorneys for members of the Plaintiff class are expected to upload information to the JustWare system in order to obtain access to constitutionally mandated discovery materials.

183.  Consent to the use of JustWare by attorneys representing members of the Plaintiff class may actually incriminate such members of the Plaintiff class through the data obtained and collected by the JustWare system.

184.  Attorneys representing members of the Plaintiff class are expected to maintain certain information confidential pursuant to CPL Article 245 and such attorneys may be

50

subject to sanctions for any release of such confidential material.

185.   There is no assurance to members of the Plaintiff class and their attorneys that JustWare or the Nassau County Defendants will or even if they can guarantee security of system data and indemnify and hold harmless members of the Plaintiff class and their attorneys in the event of a data breach or other unauthorized use of confidential data.

## DECLARATORY CLAIMS

186.   Defendants, jointly and severally, individually and collectively, as their several interest may appear, have created an imminent danger of serious, permanent, and irreparable damage to the Constitutional, civil, human, and natural rights of all those accused criminal defendants, grand jury participants and witnesses whose information is maintained by JustWare.

187.   Defendants, jointly and severally, individually and collectively, as their several interest may appear,  are under a continuing obligation to protect, sustain and support the Constitutional, civil, human, and natural rights of all those accused criminal defendants, grand jury participants and witnesses whose information is maintained by JustWare.

188.   Defendants, jointly and severally, individually and collectively, as their several interest may appear, have relied upon contractors, vendors, and/or consultants in order to cover the insufficient numbers of government staff and the inadequacy of government agency management, and the lack of effective policies and procedures in order to effectively protect the Constitutional, civil, human, and natural rights of all those accused criminal defendants,

grand jury participants and witnesses whose information is maintained by JustWare.

189.    Defendants, jointly and severally, individually and collectively, made deliberate decisions which were arbitrary, capricious, in excess of statutory jurisdiction, authority, or limitations, short of statutory right, and without observance of procedure required by law, to the extent that such decisions and administrative determinations failed to respect and actually violated the Constitutional, civil, human, and natural rights of all those accused criminal defendants whose information is maintained by JustWare.

## DAMAGES

190.    As a result of the actions of the Defendants, jointly and severally, individually and collectively, as their several interest may appear, the members of the Plaintiff Class have suffered and will continue to suffer series, permanent, and irreparable damage requiring immediate injunctive relief.

191.    As a result of the willful, intentional, and flagrant disregard of the rights of the members of the Plaintiff Class by the Defendants, individually and/or collectively, jointly and/or severally, the members of the Plaintiff Class have suffered and will continue to suffer damages, including actual damages involved in litigation together with pecuniary losses.

192.    As a result of the willful, intentional, and flagrant disregard of the rights of the members of the Plaintiff Class by the Defendants, individually and/or collectively, jointly and/or severally, and as a result of the failure of the Defendants, individually and/or collectively, jointly and/or

severally, to recognize and respect, much less protect the civil, constitutional, and human rights of the members of the Plaintiff Class, the members of the Plaintiff class have suffered or are at increased risk of suffering serious, permanent, and irreparable damage.

193.    As a result of the willful, intentional, and flagrant disregard of the rights of the members of the Plaintiff Class by the Defendants, individually and/or collectively, jointly and/or severally, and as a result of the failure of the Defendants, individually and/or collectively, jointly and/or severally, to recognize and respect, much less protect the civil, constitutional, and human rights of the Plaintiff, the Representative Plaintiff and members of the Plaintiff Class will incur out-of-pocket costs associated with the prosecution of this action to vindicate and protect the civil, constitutional, and human rights of the Plaintiff class.

194.    As a result of the willful, intentional, and flagrant disregard of the rights of the members of the Plaintiff Class by the Defendants, individually and/or collectively, jointly and/or severally, and as a result of the failure of the Defendants, individually and/or collectively, jointly and/or severally, to recognize and respect, much less protect the civil, constitutional, and human rights of the members of the Plaintiff Class, the Representative Plaintiff on behalf of members of the Plaintiff Class and the members of the Plaintiff class will incur lost opportunity costs associated with the effort expended and the loss of productivity from addressing and attempting to mitigate the actual and future consequences of the actions of the Defendants, jointly and severally, individually and collectively.

195.    As result of the procedures and practices complained of herein, Representative Plaintiff on behalf of members of

the Plaintiff Class, has been caused to suffer and is required to endure the burden of continued court appearances and meaningless discourse for which the County of Nassau Defendants refuse to comply with the law or provide alternative means for which Criminal Defense Attorneys may obtain statutory and constitutional discovery other than agreeing to the Terms and Conditions imposed by a third-party software vendor not under the direct supervision and control of the Nassau County District Attorney.

196.   As result of the procedures and practices complained of herein, Representative Plaintiff on behalf of members of the Plaintiff Class, seek the costs, fees and consequential monies required to defend individuals accused of crimes in the County of Nassau without constitutional and statutory discovery materials.

197.   Representative Plaintiff seeks constitutionally mandated discovery on behalf of the members of the Plaintiff class and a Declaration from this Honorable Court that Defendants collective actions enumerated in this Complaint violate the laws of the State of New York, the Constitution of the United States and the New York State Constitution.

### PRAYER FOR RELIEF

WHEREFORE, the Representative Plaintiff prays for judgment which will:

CERTIFY this case as a class action.

APPOINT and designate the Representative Plaintiff as class representative.

APPOINT counsel for the Representative Plaintiff to represent the Plaintiff Class.

AWARD the Representative Plaintiff  and the individual members of the Plaintiff Class appropriate equitable relief including, but not limited to Declaratory Judgment and the traditional equitable remedies of mandamus and prohibition.

## Declarations of fact and law

DECLARING that Defendants, jointly and severally, individually and collectively, as their several interest may appear, have created an imminent danger of serious, permanent, and irreparable damage to the Constitutional, civil, human, and natural rights of all those accused criminal defendants whose information is maintained by JustWare.

DECLARING that the Defendants, jointly and severally, individually and collectively, as their several interest may appear,  are under a continuing obligation to protect, sustain and support the Constitutional, civil, human, and natural rights of all those accused criminal defendants whose information is maintained by JustWare.

DECLARING that the Defendants, jointly and severally, individually and collectively, as their several interest may appear, have relied upon contractors, vendors, and/or consultants in order to cover the insufficient numbers of government staff and the inadequacy of government agency management, and the lack of effective policies and procedures in order to effectively protect the Constitutional, civil, human, and natural rights of all those accused criminal defendants, witnesses and grand jury participants, whose information is maintained by JustWare indemnifying and removing liability from the attorneys representing the members of the Plaintiff class, witnesses and other witnesses relating to the unintended disclosure of confidential, protected health information or information protected by HIPPA and other federal and state laws.

DECLARING that Defendants, jointly and severally, individually and collectively, made deliberate decisions which were arbitrary, capricious, in excess of statutory jurisdiction, authority, or

limitations, short of statutory right, and without observance of procedure required by law, to the extent that such decisions and administrative determinations failed to respect and actually violated the Constitutional, civil, human, and natural rights of all those accuseds whose information is maintained by JustWare through data collection and other various functions.

## The equitable remedy of mandamus

DIRECTING Defendants, jointly and severally, individually and collectively, as their several interest may appear, to take all necessary action to protect the Constitutional, civil, human, and natural rights of all those all those accused criminal defendants, witnesses and grand jury participants, whose information is maintained by JustWare indemnifying and removing liability from the defense attorneys and their respective clients, complainants and other witnesses relating to the unintended disclosure of confidential, protected health information or information protected by HIPPA and other federal and state laws.

DIRECTING the Defendants, jointly and severally, individually and collectively, as their several interest may appear, to fully implement their declared mission statement to the extent required to protect the Constitutional, civil, human, and natural rights of all those  all those accused criminal defendants, witnesses and grand jury participants, whose information is maintained by JustWare indemnifying and removing liability from the defense attorneys and their respective clients, complainants and other witnesses relating to the unintended disclosure of confidential, protected health information or information protected by HIPPA and other federal state laws.

## The equitable remedy of prohibition

PROHIBITING the Defendants, jointly and severally, individually and collectively, as their several interest may appear, from requiring accused criminal defendants whose information is

maintained by JustWare and their attorneys to agree to the Terms and Conditions of a software vendor not directly under the supervision and control of Nassau County and without assurance of privacy as a condition precedent to obtaining *Brady* material.

AWARD the Plaintiff class all costs, including experts' fees and attorneys' fees, all together with the costs of prosecuting this action.

**All together with such other and further relief as to this Court shall deem just and proper under the circumstances.**

DATED AT    Melville, New York
             April 28, 2020

/S/

_____
CORY H. MORRIS (CM 5225)
THE LAW OFFICES OF CORY H. MORRIS
*Attorney for the Plaintiff*
Office & P.O. Address
135 Pinelawn Road, Suite 250s
Melville, New York 11747
Phone: (631) 450–2515
FAX: (631) 223–7377
email Cory.H.Morris@protonmail.com
VICTOR JOHN YANNACONE, JR. (VY6405)
*of counsel*
Phone: (631) 475–0231
Email barrister@yannalaw.com

## VERIFICATION

Pursuant to 28 U.S.C. § 1746, I, DAVID ADHAMI, ESQ., declare as follows:

1.  I am the Representative Plaintiff in the above action to be filed in the Eastern District of New York against Nassau County, Nassau County District Attorney's Office, et al.

2.  I have read the above verified complaint and know the contents thereof, and the same are true to my knowledge, information, and belief.

3.  I verify under penalty of perjury under the laws of the United States of America that the foregoing is true and correct except to matters stated to be known upon information and belief.

Nassau, New York
April 28, 2020

DAVID ADHAMI, ESQ.